■ JULIEN J. STUDLEY, INC., Appellant, v. SOL GOLDMAN et al., Respondents. — Order, Supreme Court, New York County, entered on December 5, 1972, unanimously modified, on the law, to grant summary judgment to plaintiff on the first cause of action, and otherwise affirmed, without costs and without disbursements. Plaintiff, a licensed real estate broker, sues upon a written agreement for commission in obtaining a lease. The commissions amounted to $67,000 payable in installments. The first installment of $3,000 was payable on the tenant's signing the lease. The second installment, $16,000, was payable on February 1, 1971. These installments were paid. The third, fourth and fifth installments were payable on February 1, 1972, 1973 and 1974. However, as to these installments the agreement provided that the installment would not be payable unless the rental, or the equivalent of such rent in damages, had been paid under the lease for the month preceding the day on which the installment was due. The rent for January, 1972 was paid by the tenant. This met the condition governing the payment of the installment due February 1, 1972, which is the subject matter of the first cause of action. Defendant contends that the agreement merely provided a date for payment but that the sense of the agree-

ment was that the commission was not payable unless the tenant fully performed under the lease. This is not what the parties contracted, and the contention raises no issue as to plaintiff's right to receive this installment. It appears that in May, 1972 the tenant paid defendant $800,000 and defendant accepted surrender of the lease. Plaintiff claims that this sum is the equivalent of the rent for the years 1973 and 1974 and, it having been paid, the commission is now due. Even conceding that the payment is in the same category as damages, this would not follow. The lease ran till the year 2003. In addition, the tenant was obligated to erect a building on the site. If the sum paid be regarded as a settlement of the damages which would otherwise be payable for breach of the lease, it not only embraces the next year's but the entire term of the lease, including the obligation to erect a building. Summary judgment was correctly denied on this cause of action. Settle order on notice. Concur — Nunez, J. P., Murphy, Lane, Steuer and Capozzoli, JJ.